

**DLA Piper LLP (US)**
401 B Street, Suite 1700
San Diego, California  92101-4297
www.dlapiper.com

Stanley J. Panikowski
stanley.panikowski@dlapiper.com
**T**  619.699.2643
**F**  619.764.6643

October 12, 2015

*VIA ECF*

Hon. Daniel E. O'Toole
Circuit Executive and Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place NW, Room 401
Washington, DC 20439

**Re:    Rule 28(j) Citation of Supplemental Authority in**
***Click-to-Call Technologies, LP v. Oracle Corp.*, Appeal No. 15-1242**

Dear Mr. O'Toole:

This Court's recent decision in *Achates Reference Publishing, Inc. v. Apple Inc.*, No. 2014-1767 (Sept. 30, 2015), mandates dismissal of this IPR appeal for lack of appellate jurisdiction.

In *Achates*, the patent owner argued that the Board should not institute IPRs because the petitions were time-barred under 35 U.S.C. § 315(b).  Slip op. at 3-4.  The Board disagreed and instituted review.  The patent owner continued to press the § 315(b) issue.  In the final written decisions, the Board reaffirmed its § 315(b) rulings.

This Court dismissed the patent owner's appeals "[b]ecause the Board's determinations to institute IPRs in this case are final and nonappealable under 35 U.S.C. § 314(d)."  *Achates*, at 3.  The Court emphasized the limited scope of *Versata Development Group, Inc. v. SAP America, Inc.*, 793 F.3d 1306 (Fed. Cir. 2015):  "The basis for this court's review of the CBM issue in *Versata II* was not merely that the Board decided it in the final determination stage but more significantly that it uniquely and fundamentally related to the Board's 'ultimate authority to invalidate' only CBM patents in a CBMR proceeding."  *Achates*, at 10.

The Court explained that § 314(d) barred review because, among other things, "the § 315(b) time bar does not impact the Board's authority to invalidate a patent



Hon. Daniel E. O'Toole
October 12, 2015
Page Two

claim—it only bars particular petitioners from challenging the claim." *Achates*, at 10-11 (applying *In re Cuozzo Speed Technologies, LLC*, 793 F.3d 1268 (Fed. Cir. 2015)). The Court concluded by noting that, while courts have recognized an "'implicit and narrow exception'" to statutory bars on judicial review, "statutory interpretation disputes fall outside this exception for *ultra vires* agency action, and '[o]nly the egregious error melds the agency's decision into justiciability.'" *Achates*, at 13 (citations omitted).

This case also involves a § 315(b) challenge to an institution decision. The jurisdictional arguments the Court rejected in *Achates* include the same ones made by appellant Click-to-Call Technologies ("CTC") here. Because CTC's challenge to the institution decision implicates, at most, "statutory interpretation disputes" (*Achates*, at 13), its appeal likewise should be dismissed for lack of jurisdiction. *See* Appellees' Brief at 10-28.

Respectfully submitted,

**DLA Piper LLP (US)**

*/s/ Stanley J. Panikowski*

Stanley J. Panikowski

*Attorneys for Appellees*
*Oracle Corporation and*
*Oracle OTC Subsidiary LLC*

Submitted on behalf of all Appellees

cc:     Counsel of Record

WEST\262050010.1

# United States Court of Appeals for the Federal Circuit

————————————

**ACHATES REFERENCE PUBLISHING, INC.,**
*Appellant*

**v.**

**APPLE INC.,**
*Appellee*

————————————

2014-1767

————————————

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2013-00080.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**ACHATES REFERENCE PUBLISHING, INC.,**
*Appellant*

**v.**

**APPLE INC.,**
*Appellee*

————————————

2014-1788

————————————

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2013-00081.

————————————

Decided:  September 30, 2015

————————————

VINCENT MCGEARY, McGeary Cukor LLC, Morristown, NJ, argued for appellant.  Also represented by MICHAEL CUKOR; BRAD PEDERSEN, Patterson Thuente Pedersen, P.A., Minneapolis, MN; WAYNE S. BREYER, JASON PAUL DEMONT, KENNETH OTTESEN, Kaplan, Breyer, Schwarz & Ottesen, LLP, Matawan, NJ.

JOSEPH GUERRA, Sidley Austin LLP, Washington, DC, argued for appellee.  Also represented by JEFFREY PAUL KUSHAN, SCOTT BORDER, JOSEPH A. MICALLEF, ANNA MAYERGOYZ WEINBERG.

KAKOLI CAPRIHAN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for intervenor Michelle K. Lee.  Also represented by THOMAS W. KRAUSE, FRANCES LYNCH, JAMIE LYNNE SIMPSON, SCOTT WEIDENFELLER.

————————————

Before PROST, *Chief Judge,* LOURIE and LINN, *Circuit Judges.*

LINN, *Circuit Judge.*

Achates Reference Publishing, Inc. ("Achates") appeals from the decisions of the Patent Trial and Appeal Board (the "Board") in *inter partes* review ("IPR") proceedings instituted on petitions filed by Apple Inc. ("Apple") against Achates' U.S. Patents No. 5,982,889 (the "'889 patent") and No. 6,173,403 (the "'403 patent") (collectively, the "patents-at-issue") and determining that claims 1–

4 of the '889 patent and claims 1–12 and 17–19 of the '403 patent were invalid. *See Apple Inc. v. Achates Reference Publ'g, Inc.*, IPR2013-00081, 2014 WL 2530789 (P.T.A.B. June 2, 2014) ("'889 final written decision"); *Apple Inc. v. Achates Reference Publ'g, Inc.*, IPR2013-00080, 2014 WL 2530788 (P.T.A.B. June 2, 2014) ("'403 final written decision"). Achates contends that the Board's decisions were outside of the Board's statutory authority because the underlying petitions for IPR were time-barred under 35 U.S.C. § 315(b). As part of its appeal, Achates also challenges the Board's denial of Achates' motion for discovery. *See Apple Inc. v. Achates Reference Publ'g, Inc.*, 2013 WL 6514049 (P.T.A.B. Apr. 3, 2013) ("Discovery Decision"). Because the Board's determinations to institute IPRs in this case are final and nonappealable under 35 U.S.C. § 314(d), this court lacks jurisdiction and dismisses the appeals.

## I. BACKGROUND

On June 20, 2011, Achates sued QuickOffice, Inc. ("QuickOffice") along with certain other parties (collectively, the "codefendants") in district court for infringing the patents-at-issue. *See* Complaint, *Achates Reference Publ'g, Inc. v. Symantec Corp.*, No. 2:11-cv-00294 (E.D. Tex. June 20, 2011), ECF No. 1. One year later, Achates joined Apple in the suit and alleged that it also infringed the patents. *See* Amended Complaint, *Achates Reference Publ'g, Inc. v. Symantec Corp.*, No. 2:11-cv-00294 (E.D. Tex. June 20, 2012), ECF No. 176. On December 14, 2012, Apple filed petitions for IPR in the United States Patent and Trademark Office ("Patent and Trademark Office") against each of the patents-at-issue. *See* '889 final written decision, at *5; '403 final written decision, at *5.

Achates, in responding to the petitions, contended that, based on a blank indemnification agreement, Apple had a relationship with QuickOffice (and maybe other

codefendants as well) and that such relationship caused Apple's petitions for IPR to be time-barred under 35 U.S.C. § 315(b). That section states:

> An inter partes review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging infringement of the patent. The time limitation set forth in the preceding sentence shall not apply to a request for joinder under subsection (c).

35 U.S.C. § 315(b). To support its contention, Achates moved for discovery of evidence to prove Apple's specific relationships with the codefendants. The Board denied that motion, finding no basis to believe that even if the blank indemnification agreement had been signed, it would show QuickOffice or any other codefendants to be real parties in interest or in privity with Apple as those terms are used in § 315(b). *See* Discovery Decision at *1.

The Board found that none of the codefendants were real parties in interest or privies of Apple. Specifically, the Board concluded that there was no evidence that any of the codefendants had "the right to intervene or control Petitioner's defense to any charge of patent infringement" and that Apple and codefendants had "distinct interests in the related [district court] litigation." *See Apple Inc. v. Achates Reference Publ'g, Inc.*, 2013 WL 8595560, at *9 (P.T.A.B. June 3, 2013) (the "'889 institution decision"); *Apple Inc. v. Achates Reference Publ'g, Inc.*, 2013 WL 8595559, at *10 (P.T.A.B. June 3, 2013) (the "'403 institution decision"). Accordingly, the Board, acting as the Director's delegee, instituted IPR proceedings for both patents.

During the merits phase of the IPRs, Achates continued to argue that Apple's petitions were time-barred under § 315(b). In its final written decisions, the Board

reaffirmed its earlier decisions that the IPR proceedings were not time-barred. '889 final written decision at *7; '403 final written decision at *8. The Board ultimately invalidated all the challenged claims as either anticipated and/or obvious. *See* '889 final written decision at *24; '403 final written decision at *29.

On appeal, Achates challenges the Board's final written decisions, arguing that the Board erred in denying its motions for discovery and in concluding that Apple's petitions were not time-barred under § 315(b). Achates does not appeal the Board's substantive decisions that the challenged claims are invalid. Apple counters Achates' arguments and asserts that because the question of whether the petitions were time-barred goes to the propriety of the decision to initiate the IPR, this court lacks jurisdiction over the appeal under § 314(d). In the alternative, Apple argues that the Board's decisions should be affirmed on the merits.

## II. DISCUSSION

### A. The Statutory Background

In 2011, Congress amended title 35 of the United States Code to create IPR, post-grant review ("PGR") and covered business method review ("CBMR") proceedings. *See* 35 U.S.C. §§ 311–319 (IPR); *Id.* at §§ 321–329 (PGR); Leahy-Smith America Invents Act ("AIA") § 18, Pub. L. No. 112–29, 125 Stat. 284, 329–31 (2011) (CBMR). CBMR proceedings are "regarded as, and . . . employ the standards and procedures of, a [PGR] under chapter 32 [§§ 321–329] of title 35, United States Code, subject to" certain exceptions not relevant here. AIA § 18(a)(1).

Both IPR and CBMR proceed in two stages. In the first stage, the Director determines whether to institute IPR or CBMR. By regulation, "[t]he Board institutes the trial on behalf of the Director." 37 C.F.R. § 42.4; *see also* 37 C.F.R. §§ 42.100(a) (explaining that IPR proceedings

are subject to these trial procedures); 42.300(a) (same for CBMR). In the second phase, the Board conducts the IPR or CBMR proceedings on the merits and issues a final written decision.

Based on the petitions and any responses, the Board decides whether there are sufficient grounds to institute the proceedings—in IPR petitions there must be a "reasonable likelihood" that the petition will prevail, 35 U.S.C. § 314(a), and in CBMR petitions it must be "more likely than not," 35 U.S.C. § 324(a). An IPR proceeding "may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging infringement of the patent." § 315(b). No analogous time-bar exists for CBMR proceedings. IPR proceedings are not limited to specific types of patents. On the other hand, CBMR proceedings are only permitted "for a patent that is a covered business method patent." AIA § 18(a)(1)(E). Importantly, identically worded statutory provisions make explicit that "[t]he determination by the Director whether to institute [IPR or CBMR] under th[ese] section[s] shall be final and nonappealable." *See* § 314(d) and § 324(e), respectively.

If a proceeding is instituted, the Board considers the merits and "issue[s] a final written decision with respect to the patentability of any patent claim challenged by the petitioner and any new claim added" during the proceedings. 35 U.S.C. §§ 318(a) (IPR), 328(a) (CBMR). "[P]art[ies] dissatisfied with the final written decision of the Patent Trial and Appeal Board under section[s] [318(a) or 328(a)] may appeal the decision pursuant to sections 141 through 144." *Id.* §§ 319 (IPR), 329 (CBMR). Sections 141 through 144 of title 35 generally explain that Board decisions are appealable to this court. Of particular relevance, 35 U.S.C. § 141(c) states, with emphasis added:

A party to an inter partes review or a post-grant review who is dissatisfied with the *final written decision* of the Patent Trial and Appeal Board under section 318(a) or 328(a) (as the case may be) may appeal the Board's decision only to the United States Court of Appeals for the Federal Circuit.

B. This Court's Precedent

This court first addressed the reviewability of a Board decision not to institute an IPR in *St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*, 749 F.3d 1373 (Fed. Cir. 2014). In that case, the court recognized that "the [IPR] statute separates the Director's decision to 'institute' the review, § 314, on one hand, from the Board's 'conduct' of the review 'instituted' by the Director, § 316(c), and the Board's subsequent 'written decision,' § 318, on the other." *Id.* at 1375. Because the Director's decision not to institute an IPR was not a "final written decision" under § 318(a), it was held not within this court's statutory grant of authority to review under §§ 141(c) or 318(a). *See id.* Moreover, the court held that the appeal of the non-institution decision was within the express bar to appeals under § 314(d).

That same day, this court held that mandamus was unavailable to take an interlocutory appeal of the Director's non-institution decision, largely because of the statutory scheme explained in *St. Jude*, and "section 314(d)'s broad declaration" precluding appeals over the director's decision "whether to institute" an IPR. *In re Dominion Dealer Solutions, LLC*, 749 F.3d 1379, 1381 (Fed. Cir. 2014).

Recognizing that the court does not have interlocutory review power over the Director's initiation decisions, parties have attempted to use collateral review through mandamus and the Administrative Procedure Act. This court has rejected the availability of mandamus and APA relief for interlocutory review of the Director's initiation

decisions in IPR and CBMR because of the absence of any final written decision of the Board for this court to review, and because of the restriction in § 314(d). *In re Procter & Gamble Co.*, 749 F.3d 1376, 1378 (Fed. Cir. 2014) ("Our analysis in *St. Jude* and *Dominion* . . . applies equally" well to interlocutory mandamus jurisdiction); *Versata Dev. Grp., Inc. v. Lee (Versata III)*, 793 F.3d 1352 (Fed. Cir. July 13, 2015) (affirming the district court's refusal to allow interlocutory review over the Director's decision to institute CBMR).

This court also has considered whether the Director's institution decision is subject to review after a final written decision by the Board. In *In re Cuozzo Speed Techs., LLC*, 793 F.3d 1268 (Fed. Cir. 2015), the Director instituted an IPR of certain claims relying in part on references not cited in the petition. On appeal, Cuozzo argued that the IPR was improperly instituted because the petition-as-filed did not provide "a reasonable likelihood that the petition would prevail" as required by § 314(a). *Id.* at 1273. Cuozzo argued that the reviewability prohibition of § 314(d) applied only to interlocutory appeals, and that the initiation decision becomes available for review once the Board issues a final written decision. The court disagreed with Cuozzo and declined to review the initiation decision, remarking that § 314(d) "is not directed to precluding review only before a final decision" and cannot be directed only to precluding interlocutory appeals because §§ 319 and 141(c) already serve that role. *Id.* The court then recognized that "the IPR statute [does not] expressly limit the Board's authority at the final decision stage to the grounds alleged in the IPR petition" and that "the failure to cite those references in the petition provides no ground for setting aside the final decision." *Id.* at 1273 and 1274.

The court once again addressed the reviewability of an initiation determination, this time in the context of a CBMR in *Versata Dev. Grp., Inc. v. SAP America, Inc.*

(*"Versata II"*), 793 F.3d 1306 (Fed. Cir. 2015). There, SAP petitioned for review of Versata's U.S. Patent No. 6,553,350 (the "'350 patent"), alleging that the patent was a covered business method patent under AIA § 18. The Director, via the Board, decided to institute the CBMR, ruling that the '350 patent was a "covered business method patent" as that term is defined in AIA § 18(d)(1). *See Versata II*, 793 F.3d at 1314. On the merits, the Board concluded that the challenged claims were directed to an "abstract idea," and were thus not patent-eligible under 35 U.S.C. § 101. *See id.* at 1336.

Versata appealed, arguing that the '350 patent was not a covered business method patent and was also not invalid. The petitioner and the Patent and Trademark Office as intervenor argued that the question of whether the '350 patent fell within the scope of the Board's authority under § 18 as a "covered business method patent" was decided by the Board at the decision to institute stage, and was thus immunized from later judicial review at the final decision stage. The court disagreed.

The court first recognized the distinction between the final merits decision and the initiation decision: "institution and invalidation are two distinct actions." *Id.* at 1319. "[I]t is the merits of the final written decision that are on appeal; we are not here called upon to review the determination by the [Board] whether to institute a CBM review, and indeed [35 U.S.C. § 324(e)] expressly instructs that we may not." *Id.* at 1315. The court went on to point out that although the issue of whether a patent is a CBM was *first* determined by the Director at the initiation stage, the same issue was necessarily implicated in the final merits determination and was appropriate for review because of the fundamental limitation of the Board's "ultimate invalidation authority" in a CBMR to those patents that meet the CBM definition:

> [O]ne of the limits on § 18 invalidation authority is that the patent at issue be a CBM patent. . . .  If a particular patent is not a CBM patent, there is no proper pleading that could be filed to bring it within the [Board's] § 18 authority.

*Id.* at 1320.  *Compare Cuozzo*, 793 F.3d at 1274 ("The fact that the petition was defective is irrelevant because a proper petition could have been drafted.")

As the court made clear, "[t]he distinct agency actions [on initiation and at the merits phase] do not become the same just because the agency decides certain issues at both stages of the process. . . . Overlap of issues is not determinative." *Versata II*, 793 F.3d at 1319.  The basis for this court's review of the CBM issue in *Versata II* was not merely that the Board decided it in the final determination stage but more significantly that it uniquely and fundamentally related to the Board's "ultimate authority to invalidate" only CBM patents in a CBMR proceeding.

## C. The Present Dispute

In this case, the Patent and Trademark Office and Apple argue that the Board's determination that an IPR petition is timely is part of the determination whether to institute and is therefore nonappealable, even after the final written decision.  They believe this case is analogous to *Cuozzo*.  Achates responds that the question of whether Apple's petition was time-barred goes to the Board's ultimate authority to invalidate the patents, and therefore, under *Versata II*, is reviewable under § 319.  We agree with Apple and the Patent and Trademark Office that *Versata II* is limited to the unique circumstances of CBMR and that, following *Cuozzo*, the Board's determination to initiate the IPRs in this case is not subject to review by this court under 35 U.S.C. § 314(d).

First, the § 315(b) time bar does not impact the Board's authority to invalidate a patent claim—it only

bars particular petitioners from challenging the claim. The Board may still invalidate a claim challenged in a time-barred petition via a properly-filed petition from another petitioner. Further, § 315(b) provides that "[t]he time limitation . . . shall not apply to a request for joinder under subsection (c)." 35 U.S.C. § 315(b). This means that an otherwise time-barred party may nonetheless participate in an *inter partes* review proceeding if another party files a proper petition. *See* 35 U.S.C. § 315(c). Just as the pleading in *Cuozzo* could have been sufficient by the inclusion of the missing prior art reference, *see* 793 F.3d at 1274 ("The fact that the petition was defective is irrelevant because a proper petition could have been drafted."), the timeliness issue here could have been avoided if Apple's petition had been filed a year earlier or if a petition identical to Apple's were filed by another party. This is in contrast to the issue in *Versata II*, where "no proper pleading [] could be filed to bring it within the [Board's] § 18 authority." 793 F.3d at 1320.

In addition, the time-bar here is not like the CBM classification addressed in *Versata II*. *Versata II* found that review of the CBM determination was proper because the determination was the "defining characteristic" of the Board's "authority to invalidate" a patent in the specialized CBMR process. *See Versata II*, 793 F.3d at 1320-21. The determination is "defining" because it subjects that patent "to a special [Board] power to invalidate." *Id.* at 1321. Whether an IPR petition is filed one year after the petitioner is served with an infringement complaint or one year and a day is not such a characteristic because compliance with the time-bar does not itself give the Board the power to invalidate a patent. Instead, the time-bar sets out the procedure for seeking IPR. Indeed, like other "[f]iling deadlines," the IPR time bar here is merely a "rule[] that seek[s] to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times."

*Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011) (therefore holding that the requirement that a veteran file an appeal within 120-days is not "jurisdictional"); *see also Sebelius v. Auburn Reg'l Med. Ctr.*, 133 S. Ct. 817, 825 (2013) ("filing deadlines ordinarily are not jurisdictional").

Achates argues two additional theories for pulling this issue into this court's jurisdiction to review the Board's "final written decision." First, Achates notes that the Board reaffirmed its time-bar determination in its final written decision and argues that this indicates that the time-bar determination is, in fact, part of the final written decision. As this court noted in *Versata II*, "[o]verlap of issues is not determinative, neither is the timing determinative." 793 F.3d at 1319. That the Board considered the time-bar in its final determination does not mean the issue suddenly becomes available for review or that the issue goes to the Board's ultimate authority to invalidate—the Board is always entitled to reconsider its own decisions. *GTNX, Inc. v. INTTRA, Inc.*, 789 F.3d 1309, 1313 (Fed. Cir. June 16, 2015). The Board's reconsideration of the time-bar is still "fair[ly] characteriz[ed]" as part of the decision to institute. *Id.* at 1312.

Finally, Achates also contends that § 314(d) does not limit this court's review of the timeliness of Apple's petition under § 315, because § 314(d) says "[t]he determination by the Director whether to institute an inter partes review *under this section* shall be final and nonappealable" (emphasis added). Achates' reading is too crabbed and is contradicted by this court's precedent. The words "under this section" in § 314 modify the word "institute" and proscribe review of the institution determination for whatever reason. Thus, in *St. Jude* we held that § 314(d) precluded this court from reviewing the Patent and Trademark Office's determination that § 315(b) (the same subsection at issue here) precluded it from instituting an IPR petition. *See St. Jude*, 749 F.3d at 1376. Likewise in

*GTNX*, we held that § 324(e), which also precludes review of "determination[s] whether to institute . . . review under this section," prevented this court from reviewing the Board's decision that a petition was barred under § 325(a)(1).  *See GTNX*, 789 F.3d at 1312.

We thus hold that 35 U.S.C. § 314(d) prohibits this court from reviewing the Board's determination to initiate IPR proceedings based on its assessment of the time-bar of § 315(b), even if such assessment is reconsidered during the merits phase of proceedings and restated as part of the Board's final written decision.

Still, "even when the statutory language bars judicial review, courts have recognized that an implicit and narrow exception to the bar on judicial review exists for claims that the agency exceeded the scope of its delegated authority or violated a clear statutory mandate." *Hanauer v. Reich*, 82 F.3d 1304, 1307 (4th Cir. 1996); *see also Leedom v. Kyne,* 358 U.S. 184 (1958).  However, statutory interpretation disputes fall outside this exception for *ultra vires* agency action, and "[o]nly the egregious error melds the agency's decision into justiciability." *Am. Airlines, Inc. v. Herman*, 176 F.3d 283, 293 (5th Cir. 1999) (quoting *United States v. Feaster*, 410 F.2d 1354, 1368 (5th Cir. 1969)); *see also Key Med. Supply, Inc. v. Burwell*, 764 F.3d 955, 962 (8th Cir. 2014).  Here, although Achates did not raise this argument, the Board's institution decision does not violate a clear statutory mandate.

Because we cannot review the Board's determination that Apple's petitions were not time-barred, we also cannot review the Board's denials of Achates' motions for discovery relating thereto.

III. CONCLUSION

For the foregoing reasons, the appeals are dismissed.

**DISMISSED**

14                    ACHATES REFERENCE PUBLISHING v. APPLE INC.

## Costs

Each of the parties shall bear its own costs.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 12, 2015, I electronically filed the foregoing

RULE 28(J) CITATION OF SUPPLEMENTAL AUTHORITY with the Court's

CM/ECF filing system, which constitutes service, pursuant to Fed. R. App. P.

25(c), Fed. Cir. R. 25(a), and the Court's Administrative Order Regarding

Electronic Case Filing 6(A) (May 17, 2012).


*/s/ Stanley J. Panikowski*
Stanley J. Panikowski
DLA Piper LLP (US)
401 B Street, Ste. 1700
San Diego, CA 92101
Ph:  619.699.2700